

**ORDERED in the Southern District of Florida on July 19, 2011.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                          Case No: 11-24595-RAM

                                                                Chapter 13

RICHARD SOLANO

_____Debtor_____/

### ORDER GRANTING  MOTION TO VALUE AND DETERMINE SECURED
### STATUS OF LIEN ON REAL PROPERTY HELD BY ONE WEST BANK (LOAN NO.
### 6688XXXXXX)

THIS CASE came to be heard on July 12, 2010 on the Debtor's Motion to Value and

Determine Secured Status of Lien on Real Property (D.E. 17). Based upon the debtor's assertions

made in support on the Motion; without objection, having considered the record in this case, and

being duly advised in the premises, the Court FINDS as follows:

A.  The value of the debtor's real property (the "Real Property") located at: 15111 SW 141st

Lane, Miami, FL 33196, and more particularly described as: Lot 42 Block 2, of Brightons Meadow

Trace, according to the plat thereof, as recorded in Plat Book 147, Page 81 of the Public Records

of Miami-Dade County, Florida is $165,438.00 at the time of  the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien

   Of One West Bank (Loan No. 6688xxxxxx) (the lender) is $262,784.00.

C. The equity remaining in the Real Property after payment of al claims secured by liens

   senior to the lien of the Lender is $0.00 and the Lender has a secured interest in the Real

   Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $0.00.

3. Because Lender's secured interest in the Real Property is $0.00, Lender's mortgage

   recorded  at book 147 page 81 of the official records of Miami-Dade County, Florida

   shall be deemed void and shall be extinguished automatically, without further order of the

   Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted

   to a case under any other chapter or if the chapter 13 case is dismissed, Lender's

   mortgage will no longer be considered void and shall be restored as a lien on the Real

   Property.

4. (Select only one):

___ Lender has not filed a proof of claim in this case. The trustee shall not disburse any

   payments to the Lender unless a proof of claim is timely filed. In the event a proof of

   claim is timely filed, it shall be classified as a secured claim in the amount stated in

   paragraph 2, above, and as a general unsecured claim for any amount in excess of

   such secured claim, regardless of the original classification in the proof of claim as filed.

Or

_x_    Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $70,103.24 regardless of the original classification in the proof of claim as filed.

5.    The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6.    Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

### ###

Submitted By:

/s/ Robert Sanchez
Robert Sanchez, Esq.
Robert Sanchez, P.A.
900 W 49th Street, Ste 500
Hialeah, FL 33012
Tel: (305) 687-8008
Fl Bar No. 0442161